## WALTON v. SOUTHERN RY. CO.

### (Circuit Court, N. D. Georgia.   April 30, 1910.)

### No. 116.

MASTER AND SERVANT (§ 256*)—FEDERAL EMPLOYER'S LIABILITY ACT—ACTION BY RAILROAD EMPLOYÉ—PLEADING.

In an action by an employé against a railroad company to recover for a personal injury, an allegation in the declaration that "at the time of the injuries hereinafter complained of your petitioner was engaged in the transportation of interstate commerce" is insufficient to state a cause of action under the federal employer's liability act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), in the absence of any allegation that defendant was a common carrier engaged in interstate commerce by railroad.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 256.*]

Action by J. L. Walton against the Southern Railway Company. On motion to remand to state court. Motion denied.

Smith, Hastings & Ransom, for plaintiff.

Maddox, McCamy & Shumate and McDaniel, Alston & Black, for defendant.

NEWMAN, District Judge. This case was removed from the state court, and there is a motion to remand. The suit is for damages for personal injuries alleged to have been received by Walton, an employé of the defendant, while in the discharge of his duty as conductor of one of the defendant company's trains in Calhoun county, Ala.

The declaration contains four counts. The first two counts are based on the statutes of Alabama, the counts stating somewhat differently the way the accident occurred. The third and fourth counts may have been intended to bring the case within and under the employer's liability act of Congress. Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171). The only thing, however, in either of the counts (and it is the same in both) is this, "At the time of the injuries hereinafter complained of your petitioner was engaged in the transportation of interstate commerce," which is clearly an insufficient statement to make a case under that act. It should certainly be alleged that the defendant was a common carrier engaged in interstate commerce by railroad. The only statement about the defendant company anywhere in the declaration is that it was operating trains in Calhoun county, Ala.

The rights of the defendant on this motion to remand and the question as to the jurisdiction of this court would be entirely different if the case was based on the employer's liability act, or any of the counts clearly based on that act. Certainly a case should be made coming within the terms of the act before the court could apply the same to the plaintiff's rights on this motion or to the question of jurisdiction in the Circuit Court. It is true, also, as has been held here in a recent case, that, where the employer's liability act is properly invoked, it supersedes all other law as to the rights of injured persons who are employés of common carriers by railroad engaged in interstate commerce, while the person injured is engaged in such commerce. In order to hold these two counts in the declaration good counts under the employer's liability act of Congress, it would be necessary to depend upon the implication that, because the plaintiff was engaged in interstate commerce, the defendant company was so engaged, and I hardly think that would be justifiable.

The suit, then, remains one between the plaintiff, a citizen of Georgia and a resident of this district, and the defendant railway company, a Virginia corporation, so that it is clearly removable on the ground of diversity of citizenship. It is impossible, therefore, for the court to decide in this case the interesting questions which would exist if the declaration, or any of its counts were properly based on the act of Congress referred to.

The motion to remand must be denied.